**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Halimo Abdiqani,<br><br>             Plaintiff,<br><br>v.<br><br>Worldwide Flight Services, Inc.,<br><br>             Defendant. | Case No. 25-cv-04210 (LMP/ECW)<br><br><br>**RULE 26(f) REPORT** |

| | |
|---|---|
| Batuun Farah,<br><br>             Plaintiff,<br><br>v.<br><br>Worldwide Flight Services, Inc.,<br><br>             Defendant. | Case No. 25-cv-04214- LMP/ECW<br><br><br>**RULE 26(f) REPORT** |

| | |
|---|---|
| Deeqa Jama,<br><br>    Plaintiff,<br><br>v.<br><br>Worldwide Flight Services, Inc.,<br><br>    Defendant. | Case No.  25-cv-04217- LMP/ECW<br><br><br>**Rule 26(f) report** |
| Kafiyo Hassan,<br><br>    Plaintiff,<br><br>v.<br><br>Worldwide Flight Services, Inc.,<br><br>    Defendant. | Case No. 25-cv-04219- LMP/ECW<br><br><br>**Rule 26(f) report** |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on March 5, 2026, and prepared the following report.

The initial pretrial conference in this matter is scheduled for March 18, 2026, before United States Magistrate Judge Elizabeth Cowan Wright, by audio-only Zoom for Government.

**DESCRIPTION OF CASE**

  1.  Concise factual summary of Plaintiff's claims:

> *Plaintiffs Abdiquani, Farah, Jama, and Hasan, women of the Muslim faith, bring this lawsuit to address the systemic discrimination based on religion, race, national origin, gender and color that resulted in their wrongful discharge by Worldwide Flight Services, Inc.'s ("WFS"), their former*

*employer. Although requested, WFS repeatedly failed to accommodate Plaintiffs' religious needs, harassed, humiliated, and intimidated Plaintiffs with abusive comments and insults because of their Muslim traditions and Somali heritage, and limited their fundamental right to pray and practice their Islamic faith. WFS subjected Plaintiffs to a prolonged perversive and hostile work environment throughout their employment. Then, without cause, and in response to Plaintiff's protests regarding the unfair treatment, WFS told Plaintiffs on May 11, 2022 that they were no allowed into work that day and were being "held out of service," but that they "were not fired or anything." Plaintiffs were never allowed to return to work, but later WFS claimed they had not been fired.*

*As a result of WFS's egregious conduct, Plaintiffs allege violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. In addition, Plaintiffs seek recovery of unpaid wages due to them from WFS.*

2.   Concise factual summary of Defendant's claims/defenses:
*Defendant Worldwide Flight Services, Inc. ("WFS") provided and continues to provide prayer time and prayer facilities for its Muslim employees, including Plaintiffs, to pray at and during work at prayer times and provided additional accommodations including, but not limited to, allowing Muslim employees to take time off for Eid when feasible. The crux of this case concerns a basic work assignment that the Plaintiffs refused to perform; specifically, "foreign object debris walks," or "FOD walks," which involve a 10-15 minute walk around the parking lots and other outdoor areas of WFS's facility to pick up litter and other debris. WFS required all its employees to perform these FOD walks, and those who refused, including Plaintiffs, were disciplined after being verbally warned more than once that they were required to perform the task.*

3.   Statement of jurisdiction (including statutory citations):

*This Court has jurisdiction over this matter on several bases. This case raises federal questions the Court has jurisdiction under 28 U.S.C. §§ 451 and 1331. This action also meets the requirements for diversity jurisdiction under 28 U.S.C. § 1332.*

4.   Summary of factual stipulations or agreements:

*None at this point.*

5.      Statement of whether jury trial has been timely demanded by any party:

*Jury trial has been properly requested.*

6.      Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action:

*Process has been served and all pleadings filed.  If evidence is obtained warranting the basis for punitive damages, then Plaintiffs may move to amend the pleadings to add a claim for punitive damages for the state-based claims.*

7.      If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:

Not applicable.

and

8.      If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

*The parties do not.*


## **DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)-(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular

item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

## FACT DISCOVERY

The parties recommend and request that the Court allow the parties to conduct consolidated discovery in the four captioned cases ("Group 2 Cases") above to enhance the efficiency and cost-effectiveness of these four cases filed on the same date in which there are some common issues. The parties further agree that deposition testimony and discovery responses obtained in the related lead case of *Osman/Sayidali v. WFS, Case No.* 25-cv-01154 (LMP/ECW), may be utilized and incorporated into the discovery proceedings in these cases, and that the parties will use best efforts not to re-depose individuals from the *Osman/Sayidali* case on the same issues again in these proceedings.

1.  The parties must make their initial disclosures required by Rule 26(a)(1) on or before April 1, 2026.

2.  Fact discovery procedures shall be commenced in time to be completed on or before **December 18, 2026**.

3.  The parties **do not** believe that discovery should be conducted in phases within Group 2 Cases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4.  The parties propose that the Court limit the use and number of discovery procedures as follows:

    a)  Plaintiffs propose:  No more than a total of **25 interrogatories per party/per case**, counted in accordance with Rule 33(a), shall be served by each side

        Defendant proposes:  No more than a total of **25 interrogatories shall be served by each side in the Group 2 Cases**, counted in accordance with Rule 33(a).[1]

    b)  Plaintiffs propose:  No more than **25 document requests shall be served by each side/per case** shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

        Defendant proposes:  No more than **25 document requests shall be served by each side in the Group 2 Cases**. The parties understand

that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

c)      Plaintiff proposes:  No more than **30 requests for admissions shall be served by each side/per case** shall be served by each side.

Defendant proposes:  No more than **30 requests for admissions shall be served by each side in the Group 2 Cases**.

5.      No more than one (1) Rule 35 Medical Examinations shall be taken by Defendant regarding each plaintiff and they shall be completed by **August 15, 2026**.

6.      No more than **10 depositions**, excluding expert witness depositions, shall be taken collectively by either side in Group 2 Cases.

7.      Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

1.      The parties have reached the following additional agreements concerning the taking of depositions:

*The parties understand that translators may be necessary for depositions. In that instance the noticing party will be responsible for obtaining and paying for such translator services.*

8.      The parties have agreed upon the following additional limitations on discovery procedures: *None*.

9.      <u>Other discovery issues</u>.

a)      Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:

*The parties will utilize the same ESI Protocol used in the Osman/Sayidali case. If the parties are in disagreement regarding*

*any portions of the ESI Protocol, they will seek an informal conference with the Magistrate to resolve.   The final ESI Protocol for Group 2 Cases will be filed with the Court with a Proposed Order regarding that protocol.*

**[NOTE:** If it appears there will be significant electronic discovery, the parties shall jointly submit a proposed ESI Protocol, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The parties are also reminded that the proposed ESI Protocol and a proposed order that includes the terms of the proposed ESI Protocol must be filed on CM/ECF and a Word version of the proposed order must be e-mailed to the chambers e-mail box.]

b)    Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and **do** request the Court to include the following agreement in the scheduling order or as part of a protective order:

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

If the parties do not agree to the foregoing language, and/or have reached other or additional agreements concerning the process for handling privileged or work product information that is produced in discovery and wish them to be incorporated into the Pretrial Scheduling Order, those agreements should be set forth here: NA.

## EXPERT DISCOVERY

(In class action cases, indicate separately whether pre-class certification experts will be needed and provide the following information for disclosure as to such experts as well.)

The parties anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to 3 experts/per case. Defendant anticipates calling up to 3 experts/per case. Each side may take one deposition per expert/per case.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a) Expert Identities by those bearing burden of proof on an issue on or before **September 4, 2026**.

      Disclosures by Plaintiff on or before **October 5, 2026**.

   b) Expert Identities by responding party on or before **November 4, 2026.**
      Disclosures by Defendant on or before **December 5, 2026**.

   c) Rebuttal identities and disclosures on or before **January 15, 2027.**

3. Expert discovery, including depositions, shall be completed by **February 15, 2027**.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **September 4, 2026**.

2.      All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **November 2, 2026**.

3.      Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **January 15, 2027**.  [NOTE: Absent unusual circumstances, this date should be between one and two weeks following the close of fact discovery.]

4.      All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **February 26, 2027**. **[NOTE:** Absent unusual circumstances, this date should be between one and two weeks following the close of expert discovery.]

## PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. **[NOTE:** The Court has recently revised its suggested protective order form and the parties are encouraged to consult that form in preparing a proposed protective order for entry by the Court *(http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf_or http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.docx).* ] No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed on CM/ECF and a Word version of the document must be e-mailed to the chambers e-mail box.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

## DISPOSITIVE MOTION DEADLINES

The parties **do** believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before **March 15, 2027**.

## SETTLEMENT

1.      The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must discuss whether they believe the case is appropriate for a private mediation or a settlement conference before the Court and when they believe the private mediation or settlement conference would be productive. They should discuss whether setting status conferences or deadlines for joint email updates regarding settlement would facilitate settlement and what discovery is needed for a productive private mediation or settlement conference.

The results of that discussion, including any proposals or recommendations, are as follows:

*Plaintiffs:  Additional discovery is needed before this case could be ready for any settlement conference.  Plaintiffs are not interested in a private mediation. Several depositions of WFS personnel and former personnel are currently being scheduled for May.*

*Defendant:  The parties' positions regarding settlement have not changed since the December 3, 2025 conference that was held with the Court in the related case Osman et al. v. WFS, Inc., 25-cv-01154.  For that reason, WFS does not believe that a private mediation or settlement conference with the Court would be productive at this time.*

2.      Each party will email to Magistrate Judge Wright's chambers, no later than one (1) week before the pretrial conference, a confidential letter of no more than three (3) pages encompassing the matters discussed in paragraph 1 of this section. The letter may include any additional information the party thinks would be helpful in planning or furthering settlement efforts. This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Wright for ruling.

3.      The Court will discuss this topic with the parties at the pretrial conference and set dates for status conferences, joint email updates, or a private mediation or settlement conference as appropriate.

## TRIAL

1.      Trial by Magistrate Judge:

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2.      The parties agree that these cases will be ready for trial on September 1, 2027.

The anticipated length of the **jury** trial is 7 days.

Dated:  3/11/26                                  **SAPIENTIA LAW GROUP, PLLC**


By: /s Sonia Miller-Van Oort_____
Sonia Miller-Van Oort (#278087)
Jonathan A. Strauss (#0279602)
Andrea C. Mejia (#0400909)
120 South 6th St, Suite 100
Minneapolis, MN 55402
Phone:  612-756-7100
Fax: 612-756-7101
soniamv@sapientialaw.com
andream@sapientialaw.com
jons@sapientialaw.com

***ATTORNEYS FOR PLAINTIFF***


Dated:  3/11/26                                  **LATHROP GPM LLP**


By: Patrick Melfi_____
Mark S. Mathison (#028709X)
Jake L. Lorence (#0398451)
3100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 632-3000
mark.mathison@lathropgpm.com
jake.lorence@lathropgpm.com

11

Patrick Melfi
MELFI LAW, LLC
12 W. Jefferson Road, Suite B
Oswego, NY 13126
Telephone: (315) 216-0071
pmelfi@melfilawllc.com
(pro hac vice admission pending)

***ATTORNEYS FOR DEFENDANT***